## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

     Plaintiff,

  vs.                            No. **CR 04-786 MCA**

**RAMON MURILLO-CASTILLO**,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO COMPEL EXECUTION OF JUDGMENT

**THIS MATTER** comes before the Court on Defendant Ramon Murillo-Castillo's *Motion for Order to Compel Execution of Judgment* [Doc. No. 35] filed on February 22, 2005. Having considered the parties' submissions and other matters of record, the applicable law, and being fully advised in the premises, I find that this Court presently does not have jurisdiction to grant the relief requested in Defendant's motion. Therefore, Defendant's motion is denied for lack of jurisdiction.

## I.    BACKGROUND

The record reflects that Defendant was sentenced on October 7, 2004, [Doc. No. 33] after the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (June 24, 2004), but before the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Prior to sentencing, Defendant filed an *Objection to Presentence Report*

[Doc. No. 31] asserting that the Court could not apply the sentencing enhancement proposed in the Presentence Report's guideline calculations because it was premised on the type of judicial factfinding that violated the Sixth Amendment according to the majority opinion in Blakely.  Defendant's objection did not, however, anticipate Justice Breyer's majority opinion in Booker, which avoided the Sixth Amendment issue presented in Blakely by rendering the Federal Sentencing Guidelines advisory rather than mandatory.  See generally United States v. Lawrence, No. 02-1259, slip. op. at 31 (10th Cir. Apr. 20, 2005) ("[T]he Supreme Court's holding in Booker would not have prohibited the district court from making the same factual findings and applying the same enhancement and adjustments to [a defendant's] sentence as long as it did not apply the Guidelines in a mandatory fashion.").

Defendant did not file an appeal from the Judgment [Doc. No. 34] entered on November 23, 2004, imposing a 24-month sentence with a 15-month alternative in the event that his Blakely objection applied.  On February 22, 2005, Defendant filed a post-judgment motion asserting that Booker affected the sentence I imposed in this case and required this Court to enter an order clarifying that his sentence is reduced to 15 months imprisonment. [Doc. No. 35.]  The Government opposes this motion and asserts that the Court lacks jurisdiction.  [Doc. No. 36.]

## II.    ANALYSIS

I recognize that certain forms of judicial factfinding under a mandatory sentencing scheme may violate the Sixth Amendment rights of criminal defendants under Blakely and Justice Stevens' majority opinion in Booker.  See generally United States v. Gonzalez-

<u>Huerta</u>, No. 04-2045, 2005 WL 807008 (10th Cir. Apr. 8, 2005) (en banc); <u>see, e.g.</u>, <u>United States v. Dazey</u>, Nos. 03-6187 et al., 2005 WL 846227 (10th Cir. Apr. 13, 2005).  I also recognize that treating the Federal Sentencing Guidelines as mandatory instead of advisory may amount to "non-constitutional <u>Booker</u> error" under Justice Breyer's majority opinion in that case, even when there is no sentencing enhancement based on judicial factfinding. <u>See generally</u> <u>Gonzalez-Huerta</u>, No. 04-2045, 2005 WL 807008; <u>see, e.g.</u>, <u>United States v. Trujillo-Terrazas</u>, No. 04-2075, 2005 WL 880896 (10th Cir. Apr. 13, 2005).  Thus, the remedy for "constitutional <u>Booker</u> error" is not simply to impose an alternative sentence under the mandatory sentencing scheme that predated <u>Booker</u>, but rather to conduct a new sentencing proceeding under the advisory sentencing scheme articulated in Justice Breyer's majority opinion in that case.  <u>See, e.g.</u>, <u>Dazey</u>, Nos. 03-6187 et al., 2005 WL 846227.

These authorities, however, do not expand a district court's jurisdiction to conduct a new sentencing proceeding or otherwise correct sentencing errors after a judgment has been entered and the time for filing an appeal has expired.  To the extent that a legally valid alternative sentence is imposed, the sentencing court need not reassert jurisdiction, and no court action is necessary for that alternative sentence to become operative.  <u>See</u> <u>United States v. Scott</u>, 16 F.3d 418, 1994 WL 35027, at *2 (10th Cir. 1994) (unpublished order and judgment).  To the extent that an alternative sentence is not legally valid because one alternative is premised on "constitutional <u>Booker</u> error" and the other alternative is premised on "non-constitutional <u>Booker</u> error," the sentencing court's jurisdiction to correct such errors is still limited by Fed. R. Crim. P. 35(a), which provides that:  "Within 7 days after

sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

The seven-day time limit for correcting a sentence under Fed. R. Crim. P. 35(a) is jurisdictional and runs from the date on which the district court orally pronounces the sentence from the bench.  See United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir.1994).  In this case, Defendant's motion was not filed until February 22, 2005, which is more than seven days after the sentence was imposed.  Therefore, Fed. R. Crim. P. 35(a) does not provide a basis for this Court to exercise jurisdiction with respect to the issues raised in Defendant's motion.

In a related context, the Tenth Circuit has concluded that:  "The proper means for challenging confinement pursuant to an  allegedly unconstitutional sentence is . . . a habeas corpus proceeding under 28 U.S.C. § 2255."  United States v. Falls, No. 03-2137, 2005 WL 846237, at *1 (10th Cir. Apr. 13, 2005) (unpublished order).  Defendant was sentenced after Blakely, and therefore a petition under 28 U.S.C. § 2255 would not be barred by the Tenth Circuit's holding in United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005).

While it appears that Defendant is not precluded from seeking relief under 28 U.S.C. § 2255, I decline to construe his present motion as a petition under this statute.  In this regard, the Tenth Circuit has held that "district courts should only recharacterize a motion as a § 2255 petition where (1) the petitioner, having been made aware of the risks associated with recharacterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under § 2255 and offers the movant the opportunity to withdraw the

-4-

motion rather than have it so recharacterized."  United States v. Torres, 282 F.3d 1241, 1245-46 (10th Cir.2002) (quotation omitted).  In this case, the record does not reflect that Defendant has opted to file his motion under 28 U.S.C. § 2255, and therefore I decline to construe his present motion under that statute.  It follows that this Court presently lacks jurisdiction to grant the relief requested in Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant Ramon Murillo-Castillo's *Motion for Order to Compel Execution of Judgment* [Doc. No. 35] is **DENIED** on the grounds that this Court presently lacks jurisdiction to grant the requested relief.

**SO ORDERED** this 21st day of April, 2005, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge

-5-